UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| STEVEN BRADLEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 09-2288 |
| ) | |
| Randy Grounds, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION

Petitioner, Steven Bradley, filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (#1) on November 30, 2009.  Respondent, Randy Grounds, Warden of Robinson Correctional Center, filed his Motion to Dismiss Habeas Corpus Petition as Time Barred (#9) on March 9, 2010.  For the following reasons, Respondent's Motion to Dismiss (#9) is GRANTED and Petitioner's Petition (#1) is DISMISSED with prejudice.

## FACTS

In October 2004, a grand jury indicted Petitioner on one count of criminal sexual assault in the Circuit Court of Champaign County.  The indictment alleged that on October 20, 2004, Petitioner committed an act of sexual penetration on N.H. knowing that N.H. was unable to give knowing consent.  A second count of criminal sexual assault was filed in February 2005.  In 2005, Petitioner was sentenced to fifteen years of imprisonment after a Champaign County jury convicted him of one count of criminal sexual assault (that the victim was unable to give knowing consent) and acquitted him of a second count of criminal sexual assault (use of force).

## PROCEDURAL HISTORY

On direct appeal, Petitioner's conviction was affirmed by the Illinois Appellate Court and,

on November 29, 2006, the Illinois Supreme Court denied his petition for leave to appeal (PLA). Petitioner did not seek a writ of certiori in the Supreme Court of the United States, so the judgment became final 90 days later on February 27, 2007.

On May 22, 2007, Petitioner filed a post-conviction relief petition that was dismissed by the trial court on June 12, 2007. On June 6, 2008, the state appellate court affirmed the dismissal. The Illinois Supreme Court denied leave to appeal on November 26, 2008. Petitioner then filed a writ of certiorari with the United States Supreme Court but this was denied on May 18, 2009. Petitioner signed the present habeas petition in question on November 19, 2009.

## ANALYSIS

### I. ONE-YEAR LIMITATION PERIOD

Under 28 U.S.C. § 2244(d)(1), a petitioner in state custody has one year to file his petition for writ of habeas corpus. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing such an action created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the Constitutional right asserted was recognized by the U.S. Supreme Court, if it has been newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been presented through the exercise of due diligence. 28 U.S.C. § 2241(d)(1)(A)-(D).

In the instant case, the issue is whether more than one year elapsed from the date on which the judgment against Petitioner became final before he filed his petition for habeas

review. None of the other subsections apply. A judgment becomes final once direct review is concluded or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). On direct review of a state court conviction, the one year limitations period does not begin until the highest state court in which review was sought has rendered its decision and the time for filing a writ of certiori to the U.S. Supreme Court has expired and/or the U.S. Supreme Court has rejected the writ or affirmed the conviction. See Jones v. Hulick, 449 F.3d 784, 787 (7th Cir. 2006). Once the direct review is concluded, the clock begins ticking on a petitioner's one year period of limitation in which to file for federal habeas review.

Even after a judgment becomes final, the one-year period of limitations for bringing a habeas claim can be tolled. 28 U.S.C. §2244 (d)(2) allows tolling for the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. However, the U.S. Supreme Court has held that the one-year limitations period is not tolled during the pendency of a petition for certiorari to the United States Supreme Court seeking review of a denial of state post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 337 (2007).

In some jurisdictions, petitioner may be able to state a claim for equitable tolling. The Seventh Circuit has not yet ruled whether equitable tolling should or should not be available to habeas petitioners. Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008). In any event, in order for equitable tolling to apply, the petitioner bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo 544 U.S. 408, 418 (2005). In this case, Petitioner has not raised the issue of equitable tolling nor stated any extraordinary circumstances that would justify its application

if it were available.

## II.  APPLICATION OF ONE-YEAR PERIOD

In the case now before the court, the limitations period began to run when the case became final.  The case became final on February 27, 2007, 90 days after the Supreme Court of Illinois denied leave to appeal.  At this point, pursuant to Supreme Court Rule 13, Petitioner had exhausted all of his direct appeal options.  Thus, the one-year period of limitation began to run after the case become final, on February 27, 2007.

Pursuant to 28 U.S.C. §2244 (d)(2), the one-year period of limitations was tolled while Petitioner's post-conviction relief was pending before the courts of the state of Illinois. Petitioner's post-conviction relief petition was filed on May 22, 2007.  The Illinois Supreme Court denied leave to appeal the dismissal of the petition on November, 26 2008.  Therefore, the one-year period of limitation was tolled from May 22, 2007 until November 26, 2008.  Prior to May 22, 2007, the one-year period had run for a total of eighty-three days.

Petitioner's application for a writ of certiorari from the United States Supreme Court on his post-conviction petition does not allow for tolling of the one-year period of limitations.  In Lawrence, the Supreme Court stated that the statutory language of 28 U.S.C. §2244(d)(2) made it clear that the one-year period is tolled only while state courts review the application. Lawrence, 549 U.S. at 327.  As a result, the fact that Petitioner sought a writ of certiorari from the Supreme Court of the United States does not alter the date at which time the one-year period resumed running, November 27, 2008.

After the Illinois Supreme Court denied leave to appeal, Petitioner had two hundred and eighty-two days left in the one-year period of limitations (three hundred sixty-five less the

eighty-three days which elapsed prior to the tolling). This period ran from November 27, 2008 until September 5, 2009 at which time the one-year period of limitations expired.

Petitioner signed his habeas petition on November 19, 2009 and it was not filed with this court until November 30, 2009. Both of these dates come more than two and one half months after the one-year period of limitations had expired. Since there are no claims that the petition was delayed due to extraordinary circumstances, the court agrees with Respondent that the petition should be dismissed as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, it is clear that Petitioner's habeas petition was filed following the expiration of the one-year limitations period provided by 28 U.S.C. §2244(d)(1). The fact that the petition was filed more than two and one half months after the one-year period had run would not allow any reasonable jurist to conclude that the court has erred in dismissing the petition as time barred. Therefore, a certificate of appealability is denied.

IT IS THEREFORE ORDERED THAT:

(1)  Respondent's Motion to Dismiss Petitioner's Habeas Corpus Petition as Time-Barred (#9) is GRANTED.

(2)  Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (#1) is DISMISSED with prejudice.

(3)  Petitioner's request for a Certificate of Appealability is DENIED.

ENTERED this 11th day of June, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE